UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL BRUCE BYNOE,

Plaintiff,

v.

STATE OF NEVADA, *et al.*,

Defendants.

Case No. 3:17-cv-00624-MMD-CLB

ORDER

**I. DISCUSSION**

On December 13, 2019, this Court issued a screening order dismissing Plaintiff's first amended complaint ("FAC") without leave to amend. (ECF No. 16.) Plaintiff has now filed a second amended complaint ("SAC") pursuant to 42 U.S.C § 1983 and 42 U.S.C § 1985, including what appears to be a motion for reconsideration of the screening order that dismissed all the federal claims in the FAC without leave to amend. (ECF No. 18 at 3.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

Here, it is not clear what Plaintiff is alleging was erroneous in the screening order.

However, it appears that he may be alleging that the Court erred by holding that the United States District Court was immune, as Plaintiff sues District Judge McKibben[1] in the SAC and once again asserts that, although judges generally are immune from suit, under a provision of the Americans with Disabilities Act ("ADA"), there is no immunity. (ECF No. 18 at 4.) Plaintiff may also be claiming that the Court erred in its dismissal of the conspiracy claim as he asserts that he is not required to allege an overt act. (*Id.* at 5.)

In its screening order on the FAC, the Court dismissed with prejudice, based on judicial immunity, all claims against the United States District Court. (ECF No. 16 at 4–5.) Plaintiff had asserted that the United States District Court can be sued because the ADA provides that a state is not immune from suit under the Eleventh Amendment. (ECF No. 12 at 4, 13.) The Court explained that Plaintiff was suing the United States District Court, not a state, so the Eleventh Amendment was not at issue. (ECF No. 16 at 4.) As the Court explained, the United States District Court was immune from suit because Plaintiff was alleging that judicial acts performed in a judicial capacity violated Plaintiff's rights. (*Id.* at 4–5.) A judge is immune from suit for actions that are taken in a judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). The United States District Court was immune because it was being sued for the judicial actions taken by the judge in Plaintiff's case. *See Cooper v. City of Ashland*, 187 F.3d 646 (9th Cir. 1999); *see also Phiffer v. Shirtcliff*, No. CV-10-1120-SU, 2011 WL 2314153, at *8 (D. Or. Apr. 14, 2011), *report and recommendation adopted*, No. 10-CV-1120-SU, 2011 WL 2292294 (D. Or. June 9, 2011) (holding that plaintiff could not circumvent the doctrine of judicial immunity by naming court, instead of judge, as defendant).[2] Although Plaintiff once again asserts that "the Judge/state" are not

---

[1] The SAC also names the State of Nevada as a defendant. (ECF No. 18.) Plaintiff includes no allegations concerning the State of Nevada. Furthermore, the State of Nevada is not a person subject to suit for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons subject to suit for purposes of § 1983).

[2] These same principles would apply to the SAC. In the SAC, Plaintiff wishes to sue the particular federal judge for constitutional violations and for conspiring to engage in such violations. (ECF No. 18.) The fact that Plaintiff wishes to sue the judge rather than

immune and relies on law concerning the Eleventh Amendment (*See* ECF No. 18 at 4, 19), that Eleventh Amendment law has no bearing on whether there is *judicial* immunity for a *federal* court.

To the extent that Plaintiff is alleging that the Court erred by dismissing his conspiracy claim because he is not required to allege an overt act (*See* ECF No. 18 at 5), the Court rejects that argument. The Court dismissed the civil rights conspiracy claim because Plaintiff acknowledged that he could not allege facts sufficient to show a meeting of the minds, not because he failed to allege an overt act.[3] (ECF No. 16 at 5; ECF No. 12 at 5.)

Accordingly, the Court finds no basis to reconsider any of the rulings in its screening order on the FAC and denies the motion for reconsideration.

**II.     CONCLUSION**

For the foregoing reasons, it is ordered that the motion for reconsideration (ECF No. 18 at 3) is denied.

It is further ordered that the Clerk of Court will close this case and that no other documents will be filed in this case.

DATED THIS 1st day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

the United States District Court would not change the analysis. Judicial immunity still would apply to the alleged failure of the judge to notify Plaintiff of applicable deadlines. The ADA and the Eleventh Amendment would have no bearing on such claims.

[3]For similar reasons, it would be futile to allow Plaintiff to pursue the conspiracy claim that is in the SAC because Plaintiff yet again does not allege anything beyond conclusory allegations of a conspiracy. (*See* ECF No. 18 at 5.)